**THE UNITED STATE DISTRICT COURT**
**STATE OF UTAH**

| | |
|---|---|
| **Roger Cambpell,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Scott Campbell et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION & ORDER TEMPORARILY GRANTING IFP MOTION AND ALLOWING PLAINTIFF TO AMEND COMPLAINT**<br><br>**Case No. 1:26-cv-098 AMA DBP**<br><br>**Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is pro se Plaintiff Rodger Campbell's Motion for Leave to Proceed In Forma Pauperis (IFP).[1] The court temporarily grants the IFP motion.[2] And for the reasons explained below, the court finds that Mr. Campbell's Complaint fails to state a claim upon which relief may be granted. Because Mr. Campbell is proceeding pro se, the court will afford him an opportunity to file an Amended Complaint no later than November 6, 2026.

## BACKGROUND

Plaintiff filed his Complaint using the standard civil rights form. On the form, Plaintiff lists two defendants – Scott Campbell and Cache County – and claims that the basis for jurisdiction is 42 U.S.C. § 1983. Plaintiff asserts that his constitutional rights under the Fourth Amendment were violated in 2003, 2017, 2018, 2020, and 2026. He seeks "$2 million for the loss of earning capacity" claiming injuries to his mental health, psychological well-being, and

[1] ECF No. 2.
[2] ECF No. 2.

now having panic attacks. Plaintiff offers nothing additional in the complaint such as facts connecting any named defendant to the injuries, or a brief background surrounding his claims.

**DISCUSSION**

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[3] Under the IFP statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[4]

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[5] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable

---

[3] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[4] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[5] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employe for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[6] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

inferences in the Plaintiffs' favor.[8] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[11]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[12] and further provides that "[e]ach allegation must be simple, concise, and direct."[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[14] "Rule 8 serves the important purpose of requiring plaintiffs to state their

---

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[10] *Id.*

[11] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[12] Fed. R. Civ. P. 8(a)(2).

[13] Fed. R. Civ. P. 8(d)(1).

[14] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557) (alteration in original).

claims intelligibly so as to inform the defendants of the legal claims being asserted."[15] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[16]

As a pro se litigant, the court construes Mr. Campbell's Complaint liberally and holds Plaintiff's pleadings to a less stringent a less stringent standard than formal pleadings drafted by lawyers.[17] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[18] Here, Plaintiff's Complaint fails to state a claim for relief. The Complaint does not contain sufficient factual matter to state a claim for relief, and fails to provide fair notice of the grounds on which Mr. Campbell's Complaint rests. To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states, "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[19] Here Plaintiff's Complaint fails to meet the required standard. Dismissal of a pro se complaint is appropriate when a pro se litigant does not allege a "viable legal claim."[20] However, the court will permit Plaintiff an opportunity to amend.

**CONCLUSION AND ORDER**

1. Plaintiff's Motion to Proceed IFP is temporarily granted.

---

[15] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[16] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[17] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[19] *Nasious,* 492 F.3d at 1163.

[20] *See Triplett v. Triplett*, 166 Fed. App'x 338, 340 (10th Cir. 2006).

2. The court finds Plaintiff's Complaint fails to state a claim for relief and fails to comply with Rule 8 of the Federal Rules of Civil Procedure.
3. Plaintiff is ORDERED to file an amended complaint on or before November 6, 2026. The words "Amended Complaint" should appear in the caption of the documents.
4. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).
5. Any other motions filed by Plaintiff will be lodged on the docket and not considered until an Amended Complaint is filed.

IT IS SO ORDERED

DATED this 13 October 2026.

Dustin B. Pead
United States Magistrate Judge